## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IVAN L. MENDEZ,

    Plaintiff,

v.                                                          No. CIV 09-1222 RB/DJS

THE NATIONAL RAILROADS OF MEXICO,

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant him leave to proceed IFP and will waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in Delaware. The complaint, which is not a model of clarity, alleges that Plaintiff formerly worked for Defendant National Railroads of Mexico. Plaintiff asserts that members of an international conspiracy against "old White American cowboys and cowgirls," have brought (unspecified) accusations and charges against him in Delaware. The wrongfulness of the plot against Plaintiff is aggravated by the fact that he does not "even look like a White European Caucasian man." As the basis for seeking relief in this Court, he asserts that "New Mexico ha[s] some railroad lines entrance from the National Railroads of Mexico." For relief the complaint seeks compensation for "all of the innocent people that have been and still being" harmed and killed by the conspiracy, and asks that the Court require production of evidence of the plot against Plaintiff.

Under Supreme Court and circuit precedent, Plaintiff's complaint does not state claims upon which relief can be granted. As noted above, "the plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.' " *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570). The Supreme Court also has held that dismissal under (former) § 1915(d) is appropriate for allegations "describing fantastic or delusional scenarios." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *McKinney*, 925 F.2d at 365; *and see, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (positing "little doubt" of district court's power to dismiss a frivolous or malicious action even without the authorization in § 1915). The cited standards preclude granting relief on Plaintiff's claims arising from an alleged international conspiracy against "old White American cowboys and cowgirls," and the Court will

dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE